[No. 15913.   Department One.   January 8, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
A. WILCOX, *Appellant*.[1]

WITNESSES (126-1) — IMPEACHMENT — IRRELEVANT OR COLLATERAL MATTERS. In a prosecution for arson in the burning of a building by accused for the purpose of collecting the insurance, in which witnesses testified to a conversation in which accused proposed to burn the building, stating that he had had a fire at S. and had collected the insurance, after some difficulty, it is not error, after allowing accused to deny the conversation, to refuse to allow accused to explain the circumstances concerning the other fire; since that involved an issue foreign to the case.

CRIMINAL LAW (112)—EVIDENCE—OTHER OFFENSES — PROOF AND EFFECT. In a prosecution for arson, an objection to a paper on the ground that it tended to show a forgery by the accused, is not well taken where the evidence tended to show without dispute that the paper was signed by a third person and the only question in issue was whether such third person was authorized to sign another's name to the paper.

CRIMINAL LAW (358)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE— ACCUMULATIVE EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative, nor where the only purpose is to meet or discredit evidence produced at the trial.

SAME (356)—NEW TRIAL—DILIGENCE. A new trial will not be granted for the purpose of introducing evidence which plaintiff had ample opportunity to produce at the trial.

SAME (355)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE IN GENERAL—ARSON. In a prosecution of the president of a company for arson, evidence with reference to the financial condition of the company at all times known to the accused, cannot be newly discovered evidence.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 18, 1919, upon a trial and conviction of arson. Affirmed.

[1]Reported in 194 Pac. 575.

*Morris & Shipley,* for appellant.

*Fred C. Brown* and *John D. Carmody,* for respondent.

BRIDGES, J.—The appellant was charged by information with the crime of wilfully, unlawfully, and feloniously setting fire to and burning a certain sawmill building, belonging to the Wilcox Lumber & Logging Company, located in King county, Washington. The jury returned a verdict of guilty, and from sentence thereupon defendant has appealed.

Samuel C. Brown and Fred C. Pesha, as witnesses for the state, testified that they were interested with the appellant in the Wilcox Lumber & Logging Company; and that, a day or two before the fire, appellant had told them that the company was in financial straits and that one way of raising money would be to burn the mill and the lumber and collect the insurance, and that he, the appellant, would not be afraid to burn the mill for that purpose, and that he had had other fires and had succeeded in collecting the insurance, and that he had had one fire in Snoqualmie and had collected insurance, although he had had some trouble in doing it. The appellant, when on the witness stand, denied that he had any such conversation with these witnesses, except he admitted having told one of them he had had a fire in Snoqualmie, where a part of his furniture had been destroyed. His counsel then sought to have him explain the circumstances surrounding the Snoqualmie fire, which, upon objection, the court refused to permit. Appellant then offered to prove that he did not himself start the Snoqualmie fire, but that it started in a mill close by his house and thus spread to and destroyed his furniture. The court refused to permit this testimony to go to the jury, and the appellant claims error on that account.

We are satisfied that these rulings were correct. All that Pesha and Brown had testified to was what they claimed the appellant had told them. He was permitted to, and did, deny these alleged conversations. It was, therefore, wholly immaterial as to how the fire at Snoqualmie started. The only material thing was whether or not the appellant had with Brown and Pesha the conversations detailed by them. Evidence of this character would not have contradicted any testimony of the state and would have opened up a subject entirely foreign to the issues involved in this case.

Appellant further alleges error because the court received in evidence state's exhibit A. This instrument was a paper purporting to be signed by W. A. Wilcox, as president, and F. C. Pesha, as secretary of the Wilcox Lumber & Logging Company, and empowering Wilcox to collect, on behalf of the company, the insurance carried on the destroyed property. On cross-examination, the state's witness Pesha was asked if he had not authorized Mrs. Wilcox, the wife of the appellant, to sign his name to any papers which might be necessary in connection with the collection of the insurance. He denied having given any such authorization. Mrs. Wilcox testified that she was directly authorized by Pesha to sign his name to any necessary papers, and that, by virtue of such authorization, she did sign his name to the state's exhibit A. In this testimony she was supported by Mrs. Young. On cross-examination, the appellant testified that Pesha's name to this exhibit was signed by Mrs. Wilcox under an authorization from Pesha so to do. The state then offered the instrument in evidence as its exhibit A.

It is claimed by appellant that the introduction of this instrument permitted the jury to draw the inference that the defendant had been guilty of forgery,

and that this would· create an undue prejudice in the minds of the jury against him.   We cannot see any merit in this claim of error.   Every person admitted that Pesha's name had been signed to this instrument by Mrs. Wilcox, and the only dispute was whether or not she had been authorized by him so to do.   There was no claim of forgery and nothing in this connection which could prejudice the jury.   It was only after considerable testimony on this subject had been received without objection, much of which came from the appellant himself, that the instrument was offered and received in evidence.   The proof of the execution of the instrument being in, it was entirely proper to receive the instrument itself.

It is next claimed that the court should have granted a new trial because of newly discovered evidence.   In order to discuss this question intelligently, it will be necessary to refer briefly to portions of the testimony.

Brown had testified that there were two fires, one the night of the 21st of April, and the second the night of April 22, and that, when he was in the boiler room of the mill, between eleven and twelve o'clock at night of April 21, he saw the appellant set the first fire to the upper portion of the mill building.   Appellant denied that the first fire was at the time fixed by Brown, and swore it was about six or seven o'clock of the morning of the 22d.   He brought two or three witnesses to support him in this regard.   He further testified that he was at home at the time Brown swore he saw him set the first fire, and he brought two or three witnesses to support him in this statement.

Some of the alleged newly discovered evidence is shown by the affidavit of one P. J. Concannon to the effect that Brown had told him that the fire in the mill occurred at about seven o'clock in the morning, and not between eleven and twelve o'clock the previous

night, and that Brown had further told him that he did not know how the fire started, and that appellant had helped him put it out.

In his affidavit, one A. G. Morrison, says he would testify that Brown was at his place of business, near the mill, from ten to twelve o'clock of the night of April 21, the time fixed by Brown when he saw the appellant set the fire. This testimony would, of course, contradict that of the witness Brown to the effect that the first fire started between eleven and twelve o'clock and that he had seen appellant set that fire. But this testimony would be merely cumulative. Several of appellant's witnesses had testified to substantially the same things. They had sworn that the fire did not occur when Brown had said it did; they had sworn that Brown did not see appellant set the fire, because the latter was at home all that night. Under these circumstances, it cannot be said that were there a new trial the result would probably be different.

This court has uniformly held that a new trial cannot be granted on the ground of newly discovered evidence when such new evidence is merely cumulative of that introduced at the trial; nor where the only purpose of such evidence is to impeach or discredit evidence produced at the trial. *O'Toole v. Faulkner*, 34 Wash. 371, 75 Pac. 975; *Orr v. Schwager & Nettleton*, 74 Wash. 631, 134 Pac. 501; *State v. Hodoff*, 88 Wash. 413, 153 Pac. 377.

Further alleged newly discovered evidence is shown by the affidavit of one B. H. Hadley, to the effect that he was familiar with the construction of the mill at the time of the fire and that it would have been impossible for the witness Brown to have seen, while he was in the boiler room, appellant on the upper floor. A new trial cannot be granted on such grounds as this.

The appellant, during his trial, had ample opportunity to introduce testimony of this character, and not having done so, he cannot now complain.

The remainder of the newly discovered evidence is with reference to the financial condition of the Wilcox Lumber & Logging Company. The appellant, who was the president and chief man in this company, must have known at the time of the trial all about the financial condition of his company and its business prospects, and if testimony of the character mentioned would have been of assistance to him, it was his privilege and duty to have introduced it then. It cannot be considered newly discovered evidence. If new trials must be granted for reasons such as these, there would be no end to a lawsuit. The record indicates that appellant had a full and fair trial. The judgment is affirmed.

Holcomb, C. J., Mackintosh, Fullerton, and Parker, JJ., concur.