Argued September 8, affirmed September 21, rehearing denied
November 30, 1926.

# STATE v. CARL LEABO.

(249 Pac. 363.)

**Criminal Law.**

1. Character of defendant may be established by negative testimony.

**Witnesses.**

2. A witness is competent to testify negatively to reputation of
defendant for morality, in a prosecution for rape, if acquainted in
defendant's neighborhood and so situated as to hear comments concerning same.

**Witnesses.**

3. In a prosecution for rape, it is the province of court to pass
on qualifications of witnesses to testify on reputation of defendant
for morality.

**Criminal Law.**

4. In absence of abuse of discretion, ruling of court, in a prosecution for rape, on the competency of witnesses to testify upon
reputation of defendant for morality, is not matter for review.

**Criminal Law.**

5. In a prosecution for rape, *held* rejection of testimony of two
witnesses, being cumulative, was within discretion of court, and
ruling was not reversible error.

Criminal Law, 16 C. J., p. 584, n. 59, p. 926, n. 63.
Trial, 38 Cyc., p. 1342, n. 13.

From Lane: JOHN C. KENDALL, Judge.

Department 1.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of
*Messrs. Manning & Harvey* and *Mr. Donald E. Long*,
with an oral argument by *Mr. John Manning*.

1. Admissibility of negative evidence to prove character, see
note in 17 Ann. Cas. 108.  See, also, 8 R. C. L. 211.
2. See 8 R. C. L. 212.

For respondent there was a brief over the names of *Mr. John S. Medley,* District Attorney, and *Mr. Gordon S. Wells,* Deputy District Attorney, with an oral argument by *Mr. Medley.*

BROWN, J.—Carl Leabo was convicted in the Circuit Court for Lane County, Oregon, of the crime of statutory rape, alleged to have been committed upon the person of a girl of the age of fifteen years. In his appeal to this court, the one point urged for reversal is the claim that the court committed prejudicial error in excluding from the jury negative testimony of two witnesses relating to character evidence.

The words "character" and "reputation" are often used interchangeably: 1 Wharton's Criminal Evidence, § 58. However, there is a distinction observed by careful writers between these terms; "character" signifying the reality, and "reputation" merely what is understood to be the reality, about a person. As supporting this doctrine, we quote:

"That actual character is distinct from reputation of it, and the latter is merely evidence to prove the former, ought to be a truism." 3 Wigmore on Evidence (2 ed.), § 1608.

1. The weight of authority is to the effect that character can be established by negative testimony, the theory being that, the more exalted the character, the less likely it is ever to be called into question: 1 Wharton's Criminal Evidence, § 58.

2. Now, as to the nature of the testimony required in order to establish reputation by negative evidence: If a witness is acquainted in the defendant's neighborhood and is so situated that he would have been apt to hear comments made concerning the defend-

ant's character, he is competent to testify thereto. In this connection, it is said by 3 Wigmore on Evidence (2 ed.), Section 1614:

"The absence of utterances unfavorable to a person is a sufficient basis for predicating that the general opinion of him is favorable. A witness to *good reputation* may therefore testify by saying that he has *never heard anything said against* the person."

Upon the same subject, a noted author has written:

"What is said of it (character)—in other words, the reputation—in the community where the individual is known, may be given in evidence by a witness in a situation to have learned; and if he has heard nothing said, the inference is that the character is good." 2 Bishop's New Criminal Procedure (2 ed.), § 1117.

Again, 1 Taylor on Evidence (8 Eng. ed.), Section 350, in an interesting discussion of the subject, aptly states that, for the reason that "the best character is generally that which is the least talked about," the courts have deemed it necessary to permit qualified witnesses to give negative evidence on the subject, and to testify that "they never heard anything against the character" of the person in whose behalf they have been called.

To similar effect are 3 Rice on Evidence, § 380; 10 Ency. Pl. & Pr. 332; note 17 Ann. Cas., p. 108; 16 C. J., § 1126.

3, 4. But if the defendant would invoke the rule permitting the reception of negative testimony relating to his reputation, he should have shown as a condition precedent thereto that such witnesses were duly qualified to speak upon that subject: 1 Thompson on Trials, § 391. Furthermore, the trial judge is the judge of the qualifications of witnesses to testify, and

his ruling thereon will not be reviewed in this court in the absence of abuse of the discretion vested in him by law.

5. There is another reason why this case cannot be reversed upon the grounds assigned. The testimony of these witnesses was cumulative. The record discloses that, in answer to the charge contained in the indictment, at least nine of the witnesses for defendant testified that defendant's reputation for morality was good. The admission or rejection of cumulative evidence as to the defendant's reputation for morality is within the sound discretion of the trial court: 38 Cyc. 1342.

This case should be affirmed. It is so ordered.

AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.