[No. 21155. Department One. September 24, 1928.]

BERNICE HUMPHREY, *Respondent,* v. ALASKA JUNK COMPANY, INCORPORATED, *Appellant.*[1]

*Hastings & Rubens,* and *Tucker, Hyland & Elvidge (W. Stevens Tucker,* of counsel), for appellant.

*Robbins & Rickles,* for respondent.

FULLERTON, C. J. — The respondent, Humphrey, brought this action against the appellant, Alaska Junk Company, Inc., to recover upon a promissory note. There was a trial before a jury and a verdict in favor of the respondent. This appeal is from the judgment entered on the verdict.

The respondent sued as the indorsee of one Louis Dulien. The appellant interposed a plea of payment. It appears that Dulien was, at one time, an employee of the appellant, and that the note was given him in payment for wages earned. The note was due and owing at the time Dulien quit the service of the company, and the plea was that, at that time, the company turned over to Dulien, in payment of the note, a Buick

[1]Reported in 270 Pac. 302.

automobile. Whether the automobile was so taken in payment was the sole question submitted to the jury on the trial of the cause.

On the trial, one Mrs. Schwartz, the wife of the president and principal stockholder of the appellant, was sworn as a witness on its behalf. She testified, in substance, that Dulien did not turn the note over to the company at the time the automobile was delivered to him, and that she went to him to obtain it; that she met him at her brother's store, demanded the note, and that Dulien at that time promised to return it to her. She further testified that the only person present at the time was her brother who had since died.

After the return of the verdict, the appellant moved for a new trial, one of the grounds being newly discovered evidence. In support of this branch of the motion, the appellant produced the affidavit of one Harry Weinberg, who averred that he was an employee of the store at which Mrs. Schwartz demanded the note from Dulien, and heard Dulien promise to return the note to her. He further averred that he overheard a conversation between Dulien and the brother of Mrs. Schwartz in which Dulien stated to the brother that he had made a settlement with the appellant in which it was agreed that he would take the Buick he was then using in satisfaction of the note.

The single question presented by the appeal is whether the court erred upon the showing thus made in refusing to grant a new trial. But it is not our opinion that there was error in this respect. In the first place, the statute (Rem. Comp. Stat., § 399) makes newly discovered evidence a ground for a new trial when it could not, with reasonable diligence, have been discovered and produced at the trial, and here, we think, there was not a sufficient showing of diligence. The affiant was working at the very place at which the

admissions and promises of Dulien, testified to by Mrs. Schwartz, were made. The record shows that he continued in the employment, and was employed at the place at the time of the trial. He was a relative of Mrs. Schwartz, and it would seem that, in the preparation for the trial, only ordinary diligence would have suggested that he be interviewed as to his knowledge of the matter.

In the second place, the witness does not purport to know anything concerning the actual facts of the transaction. His testimony has, of course, a two-fold aspect: it tends to show an admission against interest on the part of Dulien, and tends to corroborate the testimony of Mrs. Schwartz. But, considering the circumstances under which it appears in the record, it is by no means convincing that the jury reached an erroneous conclusion.

In the third place, whether a trial court will grant a new trial on the ground of newly discovered evidence, is a matter almost wholly within its discretion. *Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027. It is a discretion subject to review by an appellate court only for abuse, and we find nothing in the present record which tends to show such an abuse.

The judgment will stand affirmed.

TOLMAN, FRENCH, MITCHELL, and PARKER, JJ., concur.