[No. 23236. Department Two. November 17, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER ROBERTS, *Appellant*.[1]

*E. K. Brown,* for appellant.

*Spencer Short,* for respondent.

HOLCOMB, J.—Having been convicted by a jury upon a charge of unlawful manufacture with intent to sell intoxicating liquor in the court below, appellant moved for a new trial. His motion was based upon all the statutory grounds, but his chief reliance there and on appeal is newly discovered evidence material for him which he could not have discovered with reasonable diligence and produced at the trial.

[1] Reported in 4 P. (2d) 1109.

The only errors assigned are in overruling his motion for a new trial and in entering judgment on the verdict.

The newly discovered evidence is that of one James Raymond. The affidavit supporting the claim of newly discovered evidence, in substance, alleges that Raymond was the owner of the house in which appellant and his wife lived, and that Raymond had occasionally occupied a room in the house for some six months prior to the arrest of appellant; that he was well acquainted with appellant and his wife; that he was first informed about the arrest of appellant the next morning after it occurred; that, late in the night preceding the arrest of appellant, affiant had gone to his room and to bed and did not arise until about ten o'clock the next morning; that, upon arising, he went through the house to the bathroom, and while so doing he happened to look out the window and saw appellant, his wife and his brother, just driving away in an automobile; that none of them had any knowledge that he had returned home during the night or was in the house at that time; that he had forgotten the incident and said nothing about it until after the verdict, when he recalled it and told the wife of appellant that, in case of a new trial, he would testify to the facts so stated.

Appellant does not contend that the evidence adduced at the trial was not sufficient to justify a verdict of guilty. He contends, however, that his evidence consisted wholly of interested evidence and that, if he had known of and had the evidence of Raymond, a disinterested witness, the result would be different.

The affidavit of Raymond merely corroborates, to some extent, an explanation made by appellant and his witnesses that they were merely visitors and spectators at the still of Zach, who admitted its ownership

and pleaded guilty to the charge against him. That testimony was also corroborated by Zach. The evidence of Raymond would therefore merely be cumulative of the other evidence produced by appellant.

■ If not, however, the granting or refusing of a new trial by the trial court is a matter of discretion with which this court will rarely interfere and only in cases where there has been a manifest abuse of discretion. *State v. O'Brien,* 66 Wash. 219, 119 Pac. 609; *Molitor v. Blackwell Motor Co.,* 112 Wash. 279, 191 Pac. 1103; *State v. Wilcox,* 114 Wash. 14, 194 Pac. 575; *State v. Parker,* 114 Wash. 428, 195 Pac. 229; *State v. Dinas,* 129 Wash. 75, 224 Pac. 597; *Humphrey v. Alaska Junk Co.,* 149 Wash. 155, 270 Pac. 302; *O'Brien v. Seattle,* 161 Wash. 25, 296 Pac. 152.

The one case cited and relied upon by appellant, *State v. Stowe,* 3 Wash. 206, 28 Pac. 337, 14 L. R. A. 609, was discussed and distinguished in the *Dinas* case, *supra.*

We can discover no manifest abuse of discretion on the part of the trial court in denying a new trial in this case on the ground of newly discovered evidence.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.