[No. 25495. Department Two. July 3, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. SAUL BENDER, *Appellant*.[1]

*A. E. Dailey*, for appellant.

*A. W. Swanson, G. W. Louttit*, and *Frederick A. Clanton*, for respondent.

MITCHELL, J.—Mitchell Thompson and David Arine, with Saul Bender, an alleged aider and abettor, were prosecuted for the crime of robbery in the unlawful taking of personal property from W. R. Austin by force and violence.

[1]Reported in 47 P. (2d) 5.

Thompson pled guilty. Saul Bender was found guilty by a jury, and has appealed from sentence and judgment on the verdict.

The evidence was sufficient to convince the jury, as follows: W. R. Austin, a jeweler at Everett, was robbed. About two weeks before the robbery, Bender, at the instance and solicitation of Arine, called on Thompson at the latter's home, telling Thompson that he knew where Thompson could get about ten thousand dollars' worth of jewelry, and that Arine would help him hold up Austin's store in Everett, where the jewelry was located. At that time, he took Thompson to Everett, showed him the jewelry store, and gave to him the plans and details of the proposed robbery. Sunday morning, August 27, 1933, was chosen as the time for the robbery, because, as stated, it would be quiet around the store at that time.

A few days before the 27th, Thompson and Arine called at the jewelry store for the alleged purpose of having a watch repaired, and on the evening of August 26th, they called again on the pretext of purchasing a diamond ring. At that time, on leaving the store, it was agreed they would call the next morning. The next morning, Sunday, Thompson and Arine called on the pretext of getting the ring and the watch left for repairs, and, as Austin proceeded to the safe, the two followed him, Thompson having a gun with which, by a blow on the head, he knocked Austin unconscious. A large quantity of jewelry and watches was taken from the safe and carried away by Thompson and Arine.

Within a day or two, appellant Bender called at Thompson's home. They went to Portland, trying to sell the jewelry, but were unable to do so. Bender, who claimed to be a collector or buyer of old gold, kept the jewelry, melted and sold it, and in a few days

gave Thompson $265 as that part of the proceeds from the sale to which Thompson and Arine were entitled, he, Bender, keeping the balance, amounting to about two hundred dollars. Upon being arrested, Thompson confessed the crime and implicated Bender and Arine.

The first assignment of error is that the verdict is contrary to the law and the evidence. As to the first, the conviction was had under an information against appellant as an abettor in the commission of the crime, which, under Rem. Rev. Stat., § 2260 [P. C. § 8695], makes him a principal. As to the evidence, enough has been set out herein to show the verdict was justified.

The second assignment is that the court erred in refusing to give instructions requested by the appellant. The contention is that the instructions refused were correct and applicable to the case, and "not fully" covered by instructions that were given. Whether they were proper in and of themselves, need not be discussed, because the instructions that were given are not furnished on the appeal, wherefore we cannot say there was error or prejudice in refusing the requested instructions.

The third and last assignment of error is that the jury, or members of it, were guilty of misconduct that prevented a fair trial. The affidavit purporting to show such misconduct appears to have been made in support of a motion for a new trial. The record shows, however, that the affidavit was filed too late, and the record fails to show that the affidavit was in any manner called to the attention of the trial judge at any time, or settled or certified by him for the purpose of the appeal.

Finding no error in the trial, the judgment is affirmed.

BLAKE, MAIN, HOLCOMB, and STEINERT, JJ., concur.