[No. 25493. Department Two. August 12, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID
ARINE, *Appellant*.[1]

*Adam Beeler,* for appellant.

*A. W. Swanson, G. W. Louttit,* and *F. A. Clanton,*
for respondent.

STEINERT, J.—An information filed by the prosecuting attorney of Snohomish county charged two of the defendants named therein, Mitchell Thompson and David Arine, with the crime of robbery, and the third defendant, Saul Bender, with aiding and abetting the commission of the crime. Thompson pleaded guilty to the charge. Arine and Bender went to trial upon the information and were found guilty by the jury. This is an appeal by Arine from the judgment on the verdict.

[1] Reported in 48 P. (2d) 249.

The facts of the case fully appear in *State v. Bender,* *ante* p. 348, 47 P. (2d) 5, and will not be repeated here.

■ The first assignment of error is based upon a ruling of the court striking certain evidence of appellant's reputation for good character. A witness for the defense was called and, in a very brief direct examination, testified that he had known the appellant for about nine years, and that his reputation as a law-abiding citizen, in the community in which he lived, was good. Upon cross-examination, it developed that the witness had become acquainted with appellant about nine years before, at a time when the appellant was but a small boy. The witness at that time was working in a furniture store conducted by appellant's father. It further developed on cross-examination that, since that time, the witness had not had any intimate acquaintance with appellant's family and only a casual, if any, contact with appellant himself; nor did the witness know any of appellant's associates. The witness then further testified that he had never heard anyone say anything, one way or another, about appellant. Upon this showing, the state moved that the evidence be stricken. The motion was granted.

Appellant relies upon the rule that a defendant in a criminal case is entitled to introduce evidence of his good character. That rule is so well settled as to require no citation of authority. Under that rule, even negative testimony, such as was given upon the cross-examination, namely, that the witness has never heard the defendant's character called in question, is admissible. We have ourselves so held. *State v. Underwood,* 35 Wash. 558, 77 Pac. 863; *State v. Turfey,* 100 Wash. 5, 10, 170 Pac. 335.

But to invoke such rule with respect to negative testimony, it must be shown that the witness was duly qualified to speak upon the subject, that is, that the

witness was so situated that he would likely have heard any comments concerning the defendant's character. The *Underwood* and *Turfey* cases recognize the condition precedent upon which such evidence is admissible. See, also, *State v. Leabo,* 120 Ore. 160, 249 Pac. 363; *State v. Morris,* 149 Minn. 41, 182 N. W. 721; *Holmes v. State,* 88 Ala. 26, 7 So. 193, 16 Am. St. 17; *Austin v. State,* 95 Tex. Crim. Rep. 417, 254 S. W. 795; *People v. Pauli,* 58 Cal. App. 594, 209 Pac. 88; *McCleary v. People,* 79 Colo. 205, 245 Pac. 491; Underhill on Criminal Evidence (4th ed.), §§ 170, 171. For additional annotation of the cases, see 67 A. L. R. 1217. Were the rule not thus circumscribed, then a defendant in a criminal case could support his good character by the negative testimony of witnesses who know nothing of the defendant's associates and who are not in a position to hear anything concerning his reputation in the community.

This case presents just such a situation, so far as the evidence shows. It was demonstrated that the witness was not qualified to testify upon the subject, and his evidence was therefore properly stricken.

 The next assignment of error is based upon the refusal of the court, during the course of the trial, to admonish the jury as to the limitation of certain evidence. The defendant Thompson, called as a witness for the state, testified concerning a conversation between himself and defendant Bender, in the absence of appellant. Counsel requested the court immediately to instruct the jury that such conversation could not be considered as against appellant. In reply thereto, the court stated that the objection to the evidence went not to its admissibility, but only to its unrestricted limitation, and further, that the court would so instruct the jury at the proper time if a legally sufficient in-

struction were then requested. The ruling of the court was correct and proper.

Appellant had been identified by the prosecuting witness as one of the men who had robbed him. As appears from the statement of the case in *State v. Bender, ante* p. 348, 47 P. (2d) 5, Bender, *at the instance and solicitation of* appellant, had called on the witness Thompson about two weeks before the robbery and had arranged the plan according to which the crime was to be executed. This was sufficient evidence, if believed, to warrant the jury in finding that there was a conspiracy or agreement to commit the crime as planned and perpetrated, and created a sufficient foundation for the admission of evidence of subsequent acts and declarations of one of the defendants as against the others. *State v. Dilley,* 44 Wash. 207, 87 Pac. 133; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *State v. McGonigle,* 144 Wash. 252, 258 Pac. 16.

The remaining assignments of error are based upon remarks made by the trial court in ruling upon certain evidence and upon the limit placed upon certain stages of the cross-examination. No good purpose would be served by extended quotation of the evidence covering the points involved. We are satisfied from a reading of the record that there is no merit in any of these assignments.

The judgment is affirmed.

MAIN, MITCHELL, HOLCOMB, and BLAKE, JJ., concur.