[No. 29821. Department Two. August 15, 1946.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD STANLEY FAIRBANKS, *Appellant.*[1]

[1]Reported in 171 P. (2d) 845.

*James R. Chambers,* for appellant.

*Lloyd Shorett, J. Edmund Quigley,* and *James D. McCutcheon, Jr.,* for respondent.

BLAKE, J.—The defendant was charged with taking

" . . . indecent liberties with and on the person of . . . a female under the age of fifteen years, to wit: of the age of eight years; and on the person of . . . a female child under the age of fifteen years, to wit: of the age of nine years."

Upon a verdict of guilty as charged, judgment was entered committing defendant to

" . . . the penitentiary . . . for a maximum term of not more than twenty years, and a minimum term to be fixed by the Board of Prison Terms and Paroles."

Defendant appeals.

Appellant makes fourteen assignments of error, which raise the following questions: (1) whether the complaining witnesses were competent to testify; (2) whether the evidence was sufficient to justify the verdict; (3) whether Rem. Rev. Stat. (Sup.), § 2442 [P.P.C. § 118-195], subd. (2), upon

which the information was laid, is constitutional; (4) whether sentence and judgment was properly entered pursuant to Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5]; (5) whether evidence was improperly admitted and other evidence improperly excluded; and (6) whether the court erred in denying appellant's motion for new trial.

*First.* While the older girl was ten years of age at the time of the trial, appellant challenges her competency to testify, as well as the competency of the younger child, who was not yet nine.

Remington's Revised Statutes, § 1213 [P.P.C. § 38-7], subd. 2, provides that the following persons are not competent to testify:

"Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

However, the mental capacity of young children offered as witnesses and their capability "of receiving just impressions of the facts respecting which they are examined, or of relating them truly," is a matter which, of necessity, must be determined by the trial court. And we are committed to the rule that, unless it may be said that the trial judge has abused his discretion in receiving the testimony of a child of tender years, his ruling will not be disturbed. *State v. Bailey,* 31 Wash. 89, 71 Pac. 715; *State v. Collier,* 23 Wn. (2d) 678, 162 P. (2d) 267.

As was said in the latter case, however, "it is scarcely necessary to invoke this rule." For, considering the *voir dire* examination of each girl and her testimony as a whole, we are satisfied that both of them were capable "of receiving just impressions of the facts respecting which they [were] examined [and] of relating them truly."

*Second.* From uncontradicted testimony, the jury was justified in finding the salient facts in the case as follows: that the girls were sisters who lived in the family home located in a suburb of Seattle and which was situated some twelve blocks from the business center of the community; that, on Sunday afternoon, July 8, 1945, they went

to a picture show; that, after leaving the place, they were accosted by appellant, who had a real estate office adjacent to the theater; that he took them to his office, where they remained for a considerable length of time; that, while there, he repeatedly, under the guise of playing "piggy back" and "touch" or "tickle," put his hand under their skirts and inside their underclothing and upon their private parts. That these facts were not only sufficient to take the case to the jury but also to justify the verdict, would hardly seem debatable.

*Third.* Remington's Revised Statutes (Sup.), § 2442, subd. (2), in so far as it is material to the question raised, provides as follows:

"Every person who shall take any indecent liberties with or on the person of any female under the age of fifteen years, . . . whether with or without . . . her consent, shall be guilty of a felony, and shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year."

This statute was enacted in 1937. (Laws of 1937, chapter 74, p. 321, § 2.) Prior to that, the offense was defined as a gross misdemeanor. (Rem. Rev. Stat., § 2442.)

Appellant contends that the present statute violates Art. I, § 14, of the state constitution, which provides: "Excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted." It may be conceded that duration of imprisonment fixed as a penalty may be so incommensurate with the gravity of the offense committed as to be violative of this provision of the state constitution and of the kindred provision contained in the eighth amendment to the Federal constitution. And this is the essence of appellant's argument in his challenge to the constitutionality of the present statute. But we think the argument is made on the erroneous assumption that the duration of the term of imprisonment imposed upon him is the maximum of twenty years. The error in this assumption will, we think, be apparent in the discussion of the following contention made by appellant:

*Fourth.* The assumption is predicated on the contention that the board of prison terms and paroles has, under Rem. Rev. Stat. (Sup.), § 10249-2, no authority to fix a minimum sentence in this instance, because Rem. Rev. Stat. (Sup.), § 2442, subd. (2), is a subsequent enactment, and its provisions therefore supersede the provisions of § 10249-2. Appellant's argument, as we understand it, is that the sentence of twenty years in the penitentiary is absolute and is utterly incommensurate with the gravity of the offense charged.

We cannot accept the premise upon which the argument is advanced.

It is a cardinal rule that two statutes dealing with the same subject matter will, if possible, be so construed as to preserve the integrity of both. *White v. North Yakima,* 87 Wash. 191, 151 Pac. 645; *State v. Herr,* 151 Wash. 623, 276 Pac. 870.

These two statutes, Rem. Rev. Stat. (Sup.), § 2442, subd. (2), and Rem. Rev. Stat. (Sup.), § 10249-2, are in no sense inconsistent. To hold that the board of prison terms and paroles does not have power to fix the minimum term in this instance, would not preserve the integrity of § 10249-2. To hold that the board does have such power does not impair the integrity of § 2442, subd. (2). And, until the board has exercised that power and fixed a minimum term, it cannot be urged that appellant's constitutional rights have been violated by the impact of § 2442, subd. (2).

*Fifth.* Appellant charges error in admission of the testimony of the mother of the girls, to the effect that, immediately on arriving home, they told of their experience. She was not permitted to relate the conversation. Her testimony was kept within the rule laid down in many of our cases. *State v. Myrberg,* 56 Wash. 384, 105 Pac. 622; *State v. Dixon,* 143 Wash. 262, 255 Pac. 109.

The father of the girls testified to the same effect, and also that he had made complaint to a deputy sheriff. While the fact that he had made complaint to the deputy sheriff was not competent, we fail to see how appellant could possibly have been prejudiced by the testimony. Obviously,

someone must have told the authorities; else the case would not have been in court.

■ The state presented as a witness a man who had called at appellant's office while the girls were there. On re-direct examination, counsel for the state tried to bring out—unsuccessfully, we think—that the witness thought he had been given "the rush act." If the attempt constituted error, it was invited, for, on cross-examination, counsel for appellant asked, "There was nothing out of the way as far as you could see?" To which the witness answered, "No."

Appellant complains that, in the examination of the prosecuting witnesses, the attorney for the state unduly indulged in leading questions. To this, we may say that we have seldom read a record where the prosecutor conducted his case with such scrupulous regard for the constitutional right of the defendant to a fair trial.

■ Appellant called a witness to whom was propounded questions designed to show that he had been in the habit of calling upon young girls to answer telephone calls at his office. The court sustained objections to the questions. The appellant made no offer of proof. We fail to perceive any materiality of the evidence indicated by the questions. If it were designed to show that appellant was a man of good character, it was incompetent. *State v. Turfey,* 100 Wash. 5, 170 Pac. 335; *State v. Arine,* 182 Wash. 697, 48 P. (2d) 249.

*Sixth.* Appellant's motion for new trial calls for a brief consideration of instructions, requested instructions, and a claim of newly discovered evidence.

The instructions of the court, in our view of them, clearly and concisely covered the issues presented by the evidence, and comprehended the substance of appellant's requested instructions in so far as they were pertinent to the issues.

■ The so-called newly discovered evidence upon which appellant relied in support of his motion, was information from persons who had attended the preliminary hearing before a magistrate, to the effect that the prosecuting witnesses then gave testimony that was at variance with their testimony at the trial. Obviously, the proposed evi-

dence was available at the time of the trial. Furthermore, it was of an impeaching character, which does not constitute a sufficient reason for granting a new trial. *State v. Wilcox,* 114 Wash. 14, 194 Pac. 575; *State v. Dunn,* 159 Wash. 608, 294 Pac. 217.

Judgment affirmed.

BEALS, C. J., ROBINSON, JEFFERS, and CONNELLY, JJ., concur.

---

September 25, 1946. Petition for rehearing denied.

