[No. 32620.   Department Two.   June 17, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID E. FACKRELL, JR., *Appellant*.[1]

[1]Reported in 271 P. (2d) 679.

*Charles B. Welch, Smith Troy,* and *Philip W. Richardson,* for appellant.

*James E. Duree* and *Robert A. Hannan,* for respondent.

WEAVER, J.—The jury found appellant guilty of four crimes as charged in the amended information.

Appellant urges that the trial court erred when it permitted the deputy prosecuting attorney to continue to assist in the trial, as counsel for the state, after he had testified concerning the circumstances surrounding one of the written confessions claimed to have been made by appellant.

Appellant's argument is based upon an alleged violation of Canon of Professional Ethics 19, 34A Wn. (2d) 133, which reads as follows:

"When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

The deputy prosecuting attorney interrogated witnesses during the first part of the trial. When two confessions, alleged to have been made by appellant, were introduced in evidence, it became apparent, from the cross-examination of the chief of police, that appellant would claim that the con-

fessions had been obtained by threats, force, and coercion. The deputy prosecuting attorney took the witness stand and testified: that the second confession was signed by the appellant in his presence; that appellant stated that the confession set forth the truth; that appellant knew what he was doing; and that appellant had not been inveigled into signing the confession by promises, threats, or inducements.

Although it does not appear in the record, counsel for both parties agree in the briefs that the deputy prosecuting attorney continued to sit at the counsel table through the remainder of the trial. He took no further part in the trial except to state, "The question merely calls for a yes or no answer." Appellant's counsel does not urge that this statement, of itself, constitutes assistance in the trial of the case.

■ The record does not disclose any objection by appellant's counsel, calling the subject matter of this assignment of error to the attention of the trial judge. An "off the record" discussion is alleged to have taken place in chambers, but the record of that discussion is not before us. After testifying, the deputy prosecuting attorney left the "trial of the case to other counsel." Continuing to sit at the counsel table did not, under the circumstances here disclosed, constitute assistance in the trial of the case and hence, was not a violation of the canons of ethics. Appellant's first assignment of error is not well taken. Our conclusion is strengthened by General Rule of the Superior Court 12, 34A Wn. (2d) 115, which provides:

"If an attorney shall offer himself as a witness on behalf of his client and give evidence on the merits, he shall not argue the case to the jury, unless by permission of the court."

The prohibition of the rule (without permission of the court) applies only to jury arguments. In this case the deputy prosecuting attorney took no part in it.

Appellant urges that the trial court erred when it permitted the physician, who examined the prosecuting witness immediately after the alleged commission of the crime of rape, to testify concerning his findings and the result of

his examination, in the absence of a waiver by the prosecuting witness of the rule of privileged communications. This assignment of error is based upon the following statutes:

"The following persons shall not be examined as witnesses: . . . (4) A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him to prescribe or act for the patient; . . ." RCW 5.60.060; Rem. Rev. Stat., § 1214.

"The rules of evidence in civil actions, so far as practicable, shall be applied to criminal prosecutions." RCW 10.58.010; Rem. Rev. Stat., § 2152.

For the purpose of this opinion, we assume, without deciding, that the prosecuting witness did not waive the alleged privilege and that appellant's counsel made proper objections to the testimony of the physician.

Immediately following the commission of the alleged crimes, the prosecuting witness telephoned the police. Upon their arrival at her home, the chief directed one of the policemen to take the prosecuting witness to the hospital, where she was examined by a physician. The examination was made for the purpose of establishing the crimes of assault and rape, should some person later be charged with their commission. There is no evidence that she received any treatment. The policeman returned her to her home.

■■ The privilege is for the benefit of the patient to the end that he will be encouraged to disclose his ailments to a physician so that they may be properly treated. *McUne v. Fuqua,* 42 Wn. (2d) 65, 74, 253 P. (2d) 632 (1953), and cases cited. However, in the instant case, the prosecuting witness was not a patient within the purview of the statute.

In *State v. Winnett,* 48 Wash. 93, 94, 92 Pac. 904 (1907), the accused was charged with statutory rape. A physician, who had examined the prosecuting witness, testified that he had ascertained from his examination that the prosecuting witness was pregnant. This court sustained the admissibility of the physician's testimony (although reversing the conviction upon other grounds), saying:

"There is nothing here tending to show that the relation of physician and patient existed between them, or that any confidential relation whatever existed. The record does not indicate, but presumably the examination was made at the instance of the state, and was made for the purpose of publishing the result of the examination. No confidential relation appears to be violated. The case does not come within the spirit or reason of the law which prohibits physicians from giving information acquired in attending a patient, and no error was committed in admitting the testimony objected to."

In *State v. Thomas,* 1 Wn. (2d) 298, 304, 95 P. (2d) 1036 (1939), a prosecution for the crime of carnal knowledge, this court again sustained the admissibility of medical evidence describing the result of an examination of the prosecuting witness.

The former decisions of this court fit into the rationale of the majority rule set forth by R. P. Davis in an annotation entitled "Right of one against whom testimony is offered to invoke privilege of communication between others," appearing in 2 A. L. R. (2d) at 647, wherein it is said:

"The weight of authority supports the view that the doctrine of privileged communications as between physician and patient, usually incorporated in statutory enactments, is intended for the benefit of the patient, and that the defendant in a criminal prosecution has no right to object to the testimony of a physician concerning communications made by the victim of the crime to such physician, or information gained from the victim by the physician, in his professional capacity."

See, also, Annotation "Right of defendant in criminal case to claim privilege as to communication between physician and alleged victim," 45 A. L. R. 1357, *et seq.*; 8 Wigmore, Evidence, § 2385; 3 Wharton's Criminal Evidence, § 1246.

Appellant's second assignment of error is not well taken.

Appellant's third assignment of error is based upon the trial court's refusal to grant a motion for a new trial on the ground of newly discovered evidence, which, it is alleged, could not have been discovered with reasonable diligence and produced at the trial.

The affidavit of appellant's counsel, in support of the motion for a new trial, appears only in the clerk's transcript of the record. We do not agree with respondent's argument, based upon *Lindsey v. Elkins,* 154 Wash. 588, 616, 283 Pac. 447 (1929), that this court cannot consider the affidavit because it is not a part of the statement of facts. The factual situation is different in this case.

The motion for a new trial specifically refers to "the subjoined affidavit of Charles B. Welsh." The trial court's order denying the motion for a new trial specifically refers to the motion. This places the affidavit under the exception to the rule announced in *Whittaker v. Weller,* 21 Wn. (2d) 716, 722, 152 P. (2d) 957, 155 P. (2d) 284 (1944), and followed in *Whitehead v. Satran,* 37 Wn. (2d) 724, 726, 225 P. (2d) 888 (1950). In the *Whittaker* case, *supra,* this court said:

"However, it is also the rule, as specifically held or else indicated in a number of the cases above cited, that, *where an affidavit is clearly identified as a part of a motion to which it is attached* or is referred to and identified in the order determining the motion to which it relates, *it need not be brought up on appeal by bill of exceptions or statement of facts,* but may become a part of the record by inclusion in the transcript certified by the clerk." (p. 722) (Italics ours.)

Appellant claimed that he was elsewhere at the time the crimes were committed. The affidavit of his counsel, in support of the motion for a new trial, stated:

"That on April 4, 1953 [the date of the alleged crimes] Cal Bogar Jr., Delmar Denniston and Woodrow Wilson all of Raymond, Washington will testify that they saw and talked with defendant in the above entitled action, Walter Campbell, Vernon Bennett and Paul Keetha in Campbell's car at about First and Commercial Streets at about 3:00 A. M. That the time element in defendant's alibi was of material importance and could not with reasonable diligence have been discovered prior to the time of the trial."

Granting or refusing a new trial for newly discovered evidence is within the discretion of the trial judge, and this court will not interfere unless there is a manifest abuse

of that discretion. *State v. Roberts,* 165 Wash. 263, 4 P. (2d) 1109 (1931).

We find no manifest abuse of discretion on the part of the trial court.

■ The purported, newly discovered evidence was cumulative. Walter Campbell, Vernon Bennett, and Paul Keetha (mentioned in the affidavit as having been seen with appellant) testified concerning appellant's whereabouts during the time in question. Where the newly discovered evidence is cumulative, the trial court may, within its sound discretion, deny a motion for a new trial even though the newly discovered evidence supports an alibi. *State v. Dinas,* 129 Wash. 75, 83, 224 Pac. 597 (1924), and cases cited.

■ No showing of diligence was made. If appellant and his witnesses "saw and talked" with the persons mentioned in the affidavit, they knew of this before the trial.

"It is not enough to state that there was diligence. Diligence is a fact and not a conclusion, and to show it, circumstances must be set forth that the court, rather than the party, can say that there was diligence." *State v. O'Brien,* 66 Wash. 219, 224, 119 Pac. 609 (1911).

The judgment and sentence is affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.