[No. 38956. Department Two. March 16, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH COLEMAN WEST, *Appellant*.*

*Timothy H. Hill,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *David W. Soukup*, for respondent.

STAFFORD, J.†—Appellant was convicted by a jury of the crime of robbery.

The arrest was made shortly after the Public Industrial Loan Company of Seattle was robbed. The arresting officer advised appellant that "he didn't have to say anything or do anything, that he had rights to a lawyer." At the police station another officer told him that "he had a right to an attorney, that anything he said would be held or could be used in court." Approximately one hour after his arrest Detective Brice advised appellant that he had a right to

*Reported in 424 P.2d 1014.

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

counsel and that he did not have to make a statement. After that advice appellant did refuse to make a statement. He admits that he was not mistreated and that he declined an opportunity to use the telephone.

Appellant was placed in a police lineup with several other prisoners after being given his choice of position. Each one in the lineup was asked to speak the words allegedly used by the robber, "Give me what you got!"

Mrs. Everett, cashier of the loan company, testified that she "recognized Mr. West as the man that held us up the moment he walked through the door" for the lineup. She also identified his voice when he spoke the previously assigned words.

A pretrial hearing was held to determine the admissibility of Mrs. Everett's testimony concerning the police lineup. Although the trial judge held that the visual identification was admissible he excluded the voice identification.

Appellant asserts that the police violated his privilege against self-incrimination by requiring him to appear in the lineup and by requiring him to speak words attributed to the robber. He also contends that the trial court erred by admitting Mrs. Everett's testimony about the lineup.

Neither appellant's appearance in the lineup nor Mrs. Everett's later testimony about it violated his privilege against self-incrimination. Appellant fails to distinguish between *testimonial compulsion,* to which the privilege of self-incrimination applies and *real* or *physical* evidence, to which it does not apply.

The privilege against self-incrimination protects an accused only from being compelled to testify against himself or otherwise provide the state with evidence of a testimonial or communicative nature. That compulsion which makes an accused the source of *real* or *physical* evidence does not violate the privilege. *Schmerber v. California,* 384 U.S. 757, 764, 16 L. Ed. 2d 908, 86 Sup. Ct. 1826 (1966); *State v. Craig,* 67 Wn.2d 77, 406 P.2d 599 (1965).

*Schmerber* concludes that although the idea has been expressed in many different ways, most federal and state courts agree that the privilege against self-incrimination offers no protection against compulsion to submit to "fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to *stand*, to *assume a stance*, to *walk*, or to make a particular gesture." (Italics ours.) As indicated in *State v. Craig, supra,* at 82, the privilege does not apply to "a simple physical act, a bodily action like taking off shoes or rolling up sleeves or writing for identification.These are simply bodily exhibitions." Appellant's appearance in the police lineup was neither testimonial nor communicative in nature. It was a simple bodily exhibition that spoke for itself, and thus was not within the privilege against self-incrimination.

We need not determine whether the identification of appellant's voice violated his constitutional right against self-incrimination. The question is moot because the testimony was never submitted to the jury.

Detective Brice testified, on behalf of the prosecution, about an oral statement allegedly made by the appellant to Brice. Appellant contends that it was a *confession* or at least an incriminating statement and that the trial court committed error by failing to test its voluntariness as required by Rule of Pleading, Practice and Procedure 101.20W, RCW vol. 0.

The record reveals that during the direct examination of Officer Brice the prosecution avoided all mention of a statement. However, during the cross-examination that followed, defense counsel was given great latitude. Over the state's objection, counsel disclosed that during a conversation with Detective Brice appellant admitted some connection with the robbery but did not admit his entry into the loan company, the taking of the money or his running from the building. He did not admit taking anything from the loan company.

Thereafter, on redirect-examination, the state elicited the balance of the conversation from Brice. Appellant was said

to have insisted that a friend who looked like him had committed the robbery and had given him the money. Appellant objected to this line of testimony, contending that it, involved a *confession* or at least an incriminating statement which should have been tested under the procedure provided by Rule of Peading, Practice and Procedure 101.20W. RCW vol. 0.

Appellant's assignment of error is without merit. Whether the testimony involved a mere statement or a true confession under the above-mentioned rule, the trial court committed no error by admitting it without first holding a hearing as provided therein.We recognize that the language of the rule was held to be mandatory in *State v. Taplin*, 66 Wn.2d 687, 404 P.2d 469 (1965). However, the rule does not apply to the type of problem now before the court.

■ Appellant was not at liberty to explore broad areas at will, seek to leave inferences with the jury and then preclude the state from attempting to explain or rebut the inferences. A different rule would permit an accused to place half-truths before the jury. This would frequently be more misleading than falsehoods. We are satisfied that the challenged statement comes within the principle of *Walder v. United States*, 347 U.S. 62, 98 L. Ed. 503, 74 Sup. Ct. 354 (1954). See also *State v. McClung*, 66 Wn.2d 654, 404 P.2d 460 (1965), *cert. denied*, 384 U.S. 1013, 16 L. Ed. 2d 1031, 86 Sup. Ct. 1967 (1966).

As pointed out in the *Walder* case, *supra*, at 65:

> It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths.

Where one party has introduced part of a conversation the opposing party is entitled to introduce the balance thereof in order to explain, modify or rebut the evidence already introduced insofar as it relates to the same subject matter and is relevant to the issue involved. This is true

though the evidence might have been inadmissible in the first place. 22A C.J.S. *Criminal Law* § 660 (c) at 655.

Finally, appellant assigns error to the fact that Detective Brice was permitted to give the foregoing testimony without first having established that he had fully advised appellant of his rights within the framework of *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966). However, *Miranda* need be applied only to those cases in which trial was begun after June 13, 1966. *Johnson v. New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882, 86 Sup. Ct. 1772 (1966). Appellant had been tried, convicted and sentenced by May 19, 1966. We have been given no reason why *Miranda, supra,* should be applied retroactively in this state contrary to the holding in *Johnson v. New Jersey, supra.*

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.