[No. 29-40460-2. Division Two. November 20, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. DEAN ALLEN
BROMLEY, *Appellant*.

*Sterbick, Manza, Moceri, Gustafson & Narigi* and *Michael S. Manza*, for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel, Eugene G. Olson, Chief Criminal Deputy*, for respondent.

ARMSTRONG, C. J.—This is an appeal by defendant from a conviction of first degree kidnapping. The conviction followed a new trial which had been granted on appeal from an earlier conviction. *State v. Bromley*, 72 Wn.2d 150, 432 P.2d 568 (1967).

The controlling issue raised on appeal is the absence of a complete compliance with the warning of constitutional rights required by *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).

The crime of which defendant stands convicted was committed on November 17, 1965. He was apprehended by agents of the Federal Bureau of Investigation in Arkansas on November 20, 1965. He was first tried on February 14, 1966, and found guilty by a jury on February 28, 1966. The retrial began on May 20, 1968, and a guilty verdict was returned May 25, 1968.

Before he was questioned by agents of the FBI, defendant was advised of his right to remain silent and that

anything he did say could be used against him. He was further advised that he had the right to have an attorney and if he could not afford one, the federal court would appoint an attorney to represent him. He did not indicate to the FBI that he wished to consult with an attorney. Very clearly he received adequate warnings of his rights in compliance with the requirements of *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964).

Prior to the admission of defendant's statements a hearing was held to determine if the statements were voluntary and admissible. The trial court held that they were. The statements were not admitted in the state's case in chief. The defendant took the witness stand and made a complete statement of his participation in the kidnapping. In rebuttal an FBI agent testified as to the statements made to him by defendant. He used his notes to refresh his memory.

*Miranda* requires that in the absence of a suspect's intelligent waiver of his constitutional rights, prior to any in-custody police questioning, he must be warned in clear and unequivocal terms (1) that he has a right to remain silent, (2) that any statements he does make can be used as evidence against him, (3) that he has a right to consult with an attorney and have him present prior to and during interrogation, and (4) that if he cannot afford an attorney one will be appointed for him prior to any questioning, if he so desires. It follows from this that if he indicates he wishes to terminate the questioning so that he can consult an attorney, there can be no further questioning.

In *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772; *rehearing denied,* 385 U.S. 890, 17 L. Ed. 2d 121, 87 S. Ct. 12 (1966), it was held that both *Escobedo* and *Miranda* apply only to trials begun after each decision was announced; as to *Escobedo,* to trials begun after June 22, 1964, and as to *Miranda,* to trials begun after June 13, 1966. As of the time of the first trial *Escobedo* was applicable. Under the Johnson ruling, *Miranda* would seem to have been applicable at the time of the second trial.

The most important defect in the warnings in the instant case under the Miranda rules was the failure to clearly and unequivocally advise defendant that he had a right to consult with his attorney prior to and during interrogation. Thereafter, if the suspect indicates in any manner, in any stage of the questioning, that he wishes to consult with his attorney, the interrogation must cease.

On June 2, 1969, the United States Supreme Court modified the apparent effect of the Johnson rule in *Jenkins v. Delaware*, 395 U.S. 213, 23 L. Ed. 2d 253, 89 S. Ct. 1677 (1969), which held that the Miranda rules did not have to be applied to a *post Miranda* retrial of a case originally tried prior to the *Miranda* decision. Because the instant case was such a retrial, the Miranda rules are not applicable.

Since the Miranda warnings were not required, it is not necessary for us to consider the effect of defendant taking the witness stand and introducing evidence relating to the facts of the case. *See State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967), and *State v. Robideau,* 70 Wn.2d 994, 425 P.2d 880 (1967).

There being no error, the judgment will be affirmed.

PEARSON and PETRIE, JJ., concur.