[No. 4585-1.  Division One.  May 9, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE
ALFRED JORDAN, *Appellant*.

*Roger E. Hawkes* and *Bruce D. MacLean,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael C. Duggan, Deputy,* for respondent.

JAMES, J.—At jury trial, Leland Jordan was found guilty of attempted robbery. The victim of the attempt had promptly called the police and Jordan was arrested shortly thereafter. The circumstances of his arrest were as follows: The police and the victim were cruising the vicinity of the crime in a police car. At a distance of about a block and a half, they observed two men who appeared to be walking together. One of the men was wearing a distinctive hat and coat similar to the hat and coat worn by the perpetrator of the robbery attempt. As the police car started toward the men, the suspect ran between some adjacent buildings and disappeared. That hat and coat were later found in the area into which the man had run. Shortly after the suspect's disappearance, two men were again seen together in the

same vicinity. As the police car approached, one of the men crossed to the opposite side of the street and the victim recognized him as his assailant. The man ran from the scene and shortly thereafter, the police apprehended and arrested Jordan. He had been discovered hiding in some bushes close by.

On appeal, Jordan contends that the trial judge erred in overruling his objections during the prosecutor's closing argument and in refusing three of his proposed instructions.

A review of the trial record reveals that the prosecutor's statements were made in rebuttal and were not improper responses to defense counsel's argument. *State v. LaPorte*, 58 Wn.2d 816, 365 P.2d 24 (1961).

■ Jordan proposed a so-called "missing evidence" instruction. The State's failure to produce the evidence was not unexplained and the evidence was equally available to Jordan. The instruction was properly refused. *State v. LaPorte, supra.*

■ Jordan also contends that he was prejudiced by the trial judge's refusal to give his proposed instruction respecting the State's burden of proof. While the proposed instruction accurately states the law, its rejection was not error because of two instructions given which adequately covered the same matter. *State v. Etheridge*, 74 Wn.2d 102, 443 P.2d 536 (1968); *State v. Perry*, 10 Wn. App. 159, 516 P.2d 1104 (1973).

■ Finally, Jordan claims that he was prejudiced by the trial judge's rejection of his proposed instruction on the vagaries of eyewitness identifications.[1] This has become known as the *"Telfaire"* instruction. *United States v. Telfaire*, 469 F.2d 552 (D.C. Cir. 1972). We do not agree.

---

[1] "One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The State has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his statement. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a

A federal judge is not constitutionally prohibited from commenting upon "matters of fact," Const. art. 4, § 16, and conceivably the instruction might be appropriate in a federal court trial. But patently, the focus and "emphasis" of the instruction is upon the credibility of identification witnesses. Credibility is a factual question. We believe that the instruction is impermissibly slanted to the degree that it should not be given in Washington. Witness credibility is more properly tested "by examination and cross–examination in the forum of the trial court." *State v. Johnson*, 12

reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

"Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.

"In appraising the identification testimony of a witness, you should consider the following:

"1) Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

"Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had occasion to see or know the person in the past.

"2) Are you satisfied that the identification made by the witness subsequent to the offense was the produce [sic] of his own recollection? You may take into account both the strength of the identification, and the circumstances under which the identification was made.

"If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see the defendant, as a factor bearing on the reliability of the identification.

"You may also take into account that an identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.

"3) Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

"I again *emphasize* that the burden of proof on the prosecutor extends to every element of the crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime with which he stands charged. If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty." (Italics ours.) Defendant's proposed instruction No. 1.

Wn. App. 40, 45, 527 P.2d 1324 (1974). Closing argument affords counsel the appropriate means to point out any weaknesses in eyewitness identifications. We hold that the trial judge did not err in rejecting the instruction.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied August 3, 1977.