[No. 5878-1.   Division One.   August 6, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS ALBERT EDWARDS, *Appellant.*

---

894

*Webster, Kroum & Bass, Gary Bass, Sinsheimer, Meltzer & Gelbart,* and *Ronald J. Meltzer,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Mark H. Sidran* and *J. Robin Hunt, Deputies,* for respondent.

JAMES, J.—Douglas Edwards appeals from a conviction on two counts of first–degree rape while armed with a deadly weapon. The State cross–appeals from an order granting a new trial on count 1. We affirm the convictions on both counts and reverse the order granting a new trial on count 1.

On September 16, 1976, C. W. was accosted in a vacant lot by a knife-wielding man and forced to perform an act of oral sodomy. On November 10, 1976, H. O. suffered the same experience under similar circumstances. On December 23, 1976, C. W. was dining at a restaurant when she recognized Edwards as the man who had attacked her. He was arrested at the scene.

H. O. identified Edwards' photograph from a number of photographs of possible suspects on December 28, 1976. C. W. identified Edwards from the same photo array the next day. Both witnesses also identified Edwards at trial.

Edwards offered alibi defenses to both charges. On count 1 (C. W.), Edwards and several witnesses testified that he had been shopping for a present and then attending a birthday party for his fiancee's mother at the time in question. On count 2 (H. O.), Edwards and his father testified that he had been at the father's place of business. In rebuttal, a police officer testified that Edwards stated on December 29, 1976, that he had been camping with one Rob Sollitto on the date of the first incident and had made no mention of a birthday party. On cross-examination, defense counsel sought to elicit another statement made by Edwards in that conversation, specifically that Edwards had expressed his willingness to take a lie detector test. The State's objection to this testimony was sustained. In surrebuttal, Edwards testified that he had mentioned Sollitto's name in connection with his alibi, which was the same one he used at trial, and had only mentioned camping in response to a question about his hobbies.

Edwards moved for a new trial on the basis of newly discovered evidence. On count 1, Rob Sollitto testified at the hearing on Edwards' motion that on December 30, 1976, he had been interviewed by the same officer who had questioned Edwards the day before, and had been asked whether he had gone shopping with Edwards. On count 2, William McFarland, an employee of Edwards' father, testified that Edwards had been at his father's place of business

at the time of the second incident. The trial judge granted a new trial on count 1 and denied it on count 2.

■■ Edwards argues that it was error to exclude evidence of his willingness to take a lie detector test. When one party has introduced part of a conversation, the opposing party is entitled to introduce the remainder thereof in order to explain, modify, or rebut the evidence previously introduced, to the extent that it relates to the same subject matter and is relevant to the issue involved. *State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967). Edwards' expressed willingness to take a lie detector test does not tend to explain, modify, or rebut the truth or accuracy of the officer's testimony, but was offered to bolster Edwards' conflicting account of their conversation by creating an inference of his veracity. Because this inference may not be reliably drawn from a defendant's willingness to take a lie detector test, *State v. Rowe,* 77 Wn.2d 955, 468 P.2d 1000 (1970), the trial judge did not err in refusing to admit the evidence.

■ Edwards assigns error to the refusal to give the following instruction:

The burden is on the State to prove beyond a reasonable doubt that the defendant is the person who committed the offense with which he is charged. You must be satisfied beyond a reasonable doubt of the accuracy of the identification of defendant as the person who committed the offense before you may convict him. If, from the circumstances of the identification, you have a reasonable doubt whether defendant was the person who committed the offense, you must give the defendant the benefit of that doubt and find him not guilty.

Although this instruction is not so impermissibly slanted as the *"Telfaire"* instruction[1] rejected in *State v. Jordan,* 17 Wn. App. 542, 564 P.2d 340 (1977), it nonetheless calls into question the credibility of particular witnesses. Witness credibility is more properly tested by examination and

---

[1]*United States v. Telfaire,* 469 F.2d 552 (D.C. Cir. 1972).

cross–examination, and any weaknesses in eyewitness identification may be exposed by counsel in argument to the jury. *State v. Jordan, supra.* The general reasonable doubt instruction given by the trial judge enabled Edwards to argue his theory of the case and attack the victims' credibility. The trial judge did not err in refusing the proposed instruction.

■ Edwards asserts for the first time on appeal that the photographic array used was impermissibly suggestive. That array has not been brought before us. We will not consider matters not in the appellate record. *State v. Armstead,* 13 Wn. App. 59, 533 P.2d 147 (1975).

Edwards also challenges the sufficiency of the evidence to support his convictions. His argument is supported by the recently pronounced federal standard that unless all of the evidence viewed in the light most favorable to the prosecution could permit a rational trier of fact to have found proof of the essential elements of a crime beyond a reasonable doubt, a conviction cannot be constitutionally affirmed. *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).

■ The only material question of fact was the identity of the perpetrator of the two crimes. Edwards concedes that the State's evidence established that the same person was the rapist in both cases. Both victims positively identified Edwards. The weight to be given their testimony as well as the weight to be given Edwards' alibi evidence was for the jury. The identification testimony of the two victims was substantial evidence which permitted the jury to disbelieve Edwards' alibi witnesses. *State v. Lane,* 4 Wn. App. 745, 484 P.2d 432 (1971).

■ Edwards argues that the trial judge erred in denying his motion for a new trial on count 2; the State contends that it was error to grant his motion on count 1. A new trial on the ground of newly discovered evidence will not be granted unless: (1) the evidence will probably change the result, (2) the evidence was discovered since the trial, (3) the evidence could not have been discovered before the

trial by the exercise of due diligence, (4) the evidence is material to the issue and admissible, (5) the evidence is not merely cumulative or impeaching. *State v. Letellier,* 16 Wn. App. 695, 558 P.2d 838 (1977). The trial judge's broad discretion in ruling on such a motion will not be overturned except for a manifest abuse of discretion. *State v. Letellier, supra.*

The trial judge found that the evidence offered on count 2 did not meet the test of newly discovered evidence as a basis for a new trial. We agree. He could properly conclude from the record that the evidence could have been discovered before the trial with due diligence, and that the evidence was cumulative, even though it supported an alibi. *State v. Fackrell,* 44 Wn.2d 874, 271 P.2d 679 (1954); *State v. Letellier, supra.*

The testimony of Rob Sollitto was offered as newly discovered evidence on count 1 to contradict the police officer's rebuttal testimony by showing that Edwards had mentioned shopping in connection with his alibi in the December 29, 1976, conversation. When the only purpose of newly discovered evidence is to impeach or discredit evidence produced at trial, a new trial is not properly granted. *State v. Fairbanks,* 25 Wn.2d 686, 171 P.2d 845 (1946); *State v. Dunn,* 159 Wash. 608, 294 P. 217 (1930). The trial judge abused his discretion in granting a new trial for impeachment evidence.

The convictions are affirmed; the order granting a new trial on count 1 is reversed.

SWANSON, A.C.J., and ANDERSEN, J., concur.