[No. 4909-1-II. Division Two. April 23, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. RICKIE ABERNATHY, JR., *Appellant.*

636

*John W. Ladenburg,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Michael R. Johnson, Deputy,* for respondent.

PETRIE, J.—Rickie Lee Abernathy appeals his conviction of first degree robbery challenging the admissibility of the victim's in–court identification. We find no error and affirm.

In the early morning hours of January 14, 1980, defendant allegedly stole a car in downtown Tacoma after threatening the driver with a club. The next day, on the basis of a stolen vehicle report, Oregon State police arrested defendant who was a passenger in the vehicle at the time. This information and conviction followed.

In a pretrial photo montage procedure, the victim identified a person other than defendant as his assailant. No argument is made that the pretrial procedure was suggestive. The photo montage utilized six pictures. The victim initially narrowed his choice to two pictures—one of which was the defendant. But he did not select the defendant when making his final decision. In our review of the exhibits we found that the individuals initially selected closely resemble one another. Also, defendant's facial hair in the photo was different than at the time of the crime.

Defendant urges that the subsequent in–court identification was tantamount to a "showup" and so grossly unfair as to deny his constitutional right to due process of law. He

was the only black person in the courtroom. The State argues that inconsistencies in the pretrial observation and identification and trial identification go to weight and not admissibility, citing *State v. Gosby,* 85 Wn.2d 758, 539 P.2d 680 (1975).

█ In *Gosby,* the court refused to engraft a "base line" test of reliability as a prerequisite to admission of eyewitness identification testimony in a criminal trial. The court, instead, adhered to the common law tests of relevancy and competency and held that uncertainties and inconsistencies affect only the weight of the evidence and not its admissibility. *Gosby* can no longer be relied upon as the test of admissibility for either pretrial or trial identification testimony. Reliability has now been established definitively as the linchpin for the determining of the admissibility of identification testimony as an aspect of the constitutional right to due process of law. *Manson v. Brathwaite,* 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977). The standard for that "base line" of reliability is the totality of circumstances as described in *Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972). In applying the test we consider

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Neil v. Biggers, supra* at 199–200. Against this is weighed any corrupting effect of the pretrial photo montage. *Manson,* 432 U.S. at 114.

Applying the first two factors we find significant indicia of reliability in the witness' testimony. At the time of the robbery the victim was delivering newspapers to downtown Tacoma newsstands. He observed his assailant and a companion approach his car in the rearview mirror. When the delivery car stalled at a traffic signal, the assailant, armed with a club, came up to the window and ordered the victim

out of the car. The victim conversed briefly with his assailant, then exited the car. As the victim walked away, the companion yelled at him to come back and give him the keys. He complied. We find this confrontation provided the victim an opportunity to observe his assailant with some detail, and the in–court identification of defendant was based on more than a fleeting glance.

The victim's description to the police immediately after the crime was sufficiently detailed; moreover, it fairly depicted defendant's appearance at the time of the crime. Any differences in the pretrial description and defendant's appearance at the time of the crime were revealed on cross–examination. As mentioned previously, defendant's appearance at the time of the crime was different than that shown to the victim in the photo montage. But the description fairly matches the photograph taken of defendant shortly after his arrest.

The record also indicates that the victim was certain of his identification and it was based on his recollection of the incident, and not the pretrial procedure. We do not consider the time span of 4 months between the incident and the in–court confrontation unduly long. Nor do we find the fact that defendant was the only black man in the courtroom a bar to the witness identification. *State v. Brown*, 76 Wn.2d 352, 458 P.2d 165 (1969); *United States ex rel. Clark v. Fike*, 538 F.2d 750 (7th Cir. 1976). Overall, we find the witness identification testimony sufficiently reliable to be admissible. There is no error.

On a related matter, we conclude the court properly refused the complex witness identification instruction based on *United States v. Telfaire*, 469 F.2d 552 (D.C. Cir. 1972). *State v. Jordan*, 17 Wn. App. 542, 564 P.2d 340 (1977).

Judgment affirmed.

REED, C.J., and PETRICH, J., concur.

Reconsideration denied May 24, 1982.

Review denied by Supreme Court September 24, 1982.