IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE WASHINGTON, | ) | |
| | ) | No. 37997-3-III |
| Respondent, | ) | Consolidated with |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID CHARLES MAIER, | ) | |
| | ) | No. 37954-0-III |
| Appellant. | ) | |
| _____ | ) | |
| In the Matter of Personal Restraint of | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID CHARLES MAIER, | ) | |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — David Maier appeals his convictions for theft of a motor vehicle, taking a motor vehicle without permission, and attempting to elude a police vehicle. Maier asks for dismissal of the charges because the State violated his speedy trial right. In the alternative, he asks for a new trial because of the use of his statements against him despite the lack of being given his *Miranda* warnings. We reject his challenges to his convictions. Trial delays resulted from competency evaluations and the COVID-19 pandemic. He opened the door to testimony about his conversation with a law enforcement officer. We, however, grant him a resentencing hearing.

FACTS

The prosecution of David Maier arises from his taking of a Hyundai vehicle from a sales lot. On August 14, 2020, David Maier stood at a bus stop near the sales lot of Mega Auto Sales, a Wenatchee car dealership. He had been released from jail that day. When he noticed a black Hyundai Tucson with its doors open, Maier approached the SUV. The car's key rested inside the ignition. Maier drove the Hyundai off the lot. A passerby saw Maier leave with the vehicle and alerted Mega Auto Sales personnel of a possible car theft. Employees of the sales lot summoned law enforcement's assistance.

Less than ten minutes later, David Maier returned the commandeered Hyundai Tucson to Mega Auto Sales. Maier approached a gaggle of Mega Auto employees and asked for the Tucson's price. After the employees informed Maier that they had alerted law enforcement, Maier bolted without the car. Mega Auto personnel chased Maier.

Mega Auto Sales staff corralled Richard Maier near a restaurant across the street from the sales lot. Maier resisted detainment. Maier yelled vigilantes are attempting to rob and violate me. He also attempted to hit and bite Mega Auto employee Hector Hernandez. Maier managed to escape the restaurant parking lot and return to the sales lot. He reentered the black Hyundai Tucson and again purloined the vehicle.

Chelan County Sheriff Deputy Brad Norton eyed the Hyundai Tucson heading west on U.S. Route 2. He pursued the vehicle. Dispatch informed Deputy Norton that David Maier was the suspected driver of the SUV. Norton perused Maier's booking

2

photograph. He overtook the Hyundai and, from his cruiser, identified Maier as the car's driver.

David Maier exited U.S. Route 2 and pulled the Tucson to the side. Deputy Brad Norton illuminated his vehicle's emergency lights. Norton approached the vehicle and ordered Maier to show his hands. Maier ignored the deputy's command and steered the Hyundai back onto the highway. Deputy Norton commenced pursuit in his patrol car.

David Maier drove the Hyundai Tucson east along a westbound off-ramp. He parked the car on the off-ramp, exited the SUV, and ran. Maier changed his mind, returned and reentered the black Hyundai, and sped in the wrong direction. Deputy Brad Norton declined to travel Maier's backward route. Deputy Norton accessed the highway from the eastbound on-ramp, but lost sight of Maier.

Deputy Brad Norton eventually rediscovered David Maier in the parked Hyundai Tucson facing west along U.S. Route 2. Deputy Norton maneuvered his patrol car to block the vehicle, but Maier maneuvered the SUV around the car and refled west on U.S. Route 2.

While traveling westbound, David Maier lost control of the Tucson, crashed into a guardrail, and struck a vehicle driven by Linda Bannon on the eastbound side of the highway. Deputy Brad Norton arrived at the location of the collision. He ordered Maier from the SUV. Norton removed Maier from the car and arrested him.

David Maier sustained a hand injury and head laceration from the collision. Law enforcement transported him to Wenatchee's Central Washington Hospital. Maier contends that he remained under arrest while in the hospital, and the State does not argue otherwise.

On August 15, 2020, Deputy Brad Norton went to Central Washington Hospital to relieve another Chelan County sheriff deputy who guarded David Maier. Deputy Norton spoke with Maier. The record does not indicate that Deputy Norton read Maier his *Miranda* rights. During the conversation, Maier expressed remorse for his actions. He inquired about the welfare of Lisa Bannon, the woman whose car he struck. Maier also communicated his disbelief that he had earlier been released from jail, since he had an active warrant for his arrest. Maier claimed the warrant had rendered him nervous when sales lot employees told him of contacting law enforcement. Maier admitted to Deputy Norton that he had appropriated the Hyundai Tucson in order to travel to Bellingham. Maier also recalled the details of the police chase.

PROCEDURE

Because of David Maier's challenge based on speedy trial, we detail the procedure of the prosecution. On August 19, 2020, the State of Washington charged David Maier with theft of a motor vehicle, taking a motor vehicle without permission in the second degree, attempting to elude a police vehicle, and attempted robbery in the second degree. On August 19, during his preliminary appearance hearing, David Maier requested to

proceed pro se. The superior court announced it would address Maier's request the next day. The superior court set Maier's bail at $100,000. Maier remained in jail pending trial.

On August 20, 2020, the superior court conducted the requisite colloquy with David Maier concerning his request to represent himself at trial. The colloquy convinced Maier to proceed with a court-appointed attorney. Maier requested a competency evaluation.

On August 21, 2020, the Chelan County Superior Court issued an administrative order directing that all pending criminal jury trials scheduled for September 1, 2020, be continued to September 15, 2020. On August 26, the superior court entered an order for a competency evaluation of David Maier. On September 10, the Washington Supreme Court issued an administrative order excluding certain dates in calculating time for trial under CrR 3.3 due to the dangers posed by COVID-19. The order declared, in relevant part:

> The serious danger posed by COVID-19 constitutes an unavoidable circumstance under CrR 3.3(e)(8), CrRLJ 3.3(e)(8), and JuCR 7.8(e)(7), *so the time between May 29, 2020 (the date of this Court's last Order on these topics) and the next scheduled court hearing after October 15, 2020, shall be EXCLUDED when calculating time for trial*. CrR 3.3(e)(3), CrRLJ 3.3(e)(3), JuCR 7.8(e)(3).

Br. of Appellant App. B at 2-3 (emphasis added).

On September 16, 2020, the superior court entered an order finding David Maier

5

legally competent.  Also on September 16, the court arraigned Maier.  During his

arraignment hearing, Maier challenged the arraignment as untimely, while arguing that,

in violation of CrR 4.1, more than fourteen days had passed since the State filed charges

against him.  The court rejected Maier's challenge and scheduled a jury trial for

November 17, 2020.

On October 14, 2020, David Maier requested again to represent himself at trial.

Following another colloquy with Maier, the superior court granted his request.  The court

also appointed standby counsel.  Maier then objected to the scheduled trial date of

November 17, 2020 as untimely.

On October 22, 2020, David Maier filed a motion to dismiss on multiple grounds,

including a lack of adequate medical treatment while incarcerated, excessive bail,

untimely arraignment, and speedy trial violations.  On October 28, the superior court held

an omnibus hearing.  The court rejected Maier's speedy trial challenge, while citing the

Washington Supreme Court's order excluding time from CrR 3.3's trial calculation days

due to the COVID-19 pandemic.

On November 3, 2020, the superior court conducted a hearing on David Maier's

motion to dismiss. The court rejected Maier's motion.  At the hearing, Maier requested

that the court calculate his time for trial.  The court, again citing the state Supreme

Court's order excluding time from time for trial calculations, found November 17, 2020

to be within the sixty-day limitation under CrR 3.3.

On November 4, 2020, the State filed an amended information that added one count of assault in the second degree of Mega Auto Sales employee Hector Hernandez. The State also alleged an aggravating circumstance, for the charge of attempting to elude a police vehicle. The State claimed that David Maier endangered one or more people in the commission of the crime.

In a November 5, 2020 letter to David Maier, the superior court wrote that, contrary to Maier's claim, the jail provided Maier with medical care from jail staff and from outside providers. The record contained multiple health request forms Maier submitted while imprisoned.

On November 9, 2020, David Maier filed three motions: (1) another motion to dismiss because of an untimely arraignment; (2) a motion to address multiple alleged violations of his constitutional rights; and (3) a motion for an emergency hearing. At a November 12, 2020 hearing, the superior court entertained all three of David Maier's motions. At the hearing, Maier once again challenged his scheduled trial date of November 17, 2020 as being untimely under CrR 3.3. The court reiterated that the Washington Supreme Court's order excluded a significant period from the speedy trial calculation. The superior court denied all three motions.

On November 13, 2020, the State filed a motion to terminate David Maier's self-representation and appoint counsel. On November 16, the superior court entertained the motion and ordered a new competency evaluation for Maier.

7

On November 16, 2020, David Maier filed a notice of discretionary review with the Washington Supreme Court. On November 17, Maier filed another notice of objection to his scheduled trial date. Maier's trial did not begin as scheduled on November 17.

On November 19, 2020, David Maier filed another motion to dismiss based on violation of his speedy trial right, his being denied adequate medical care in jail amounted to cruel and unusual punishment, and the judges handling his case committed governmental misconduct. At a November 23 hearing, the superior court explained that all jury trials were continued as of November 17, 2020 due to COVID-19. On November 30, the Chelan County Superior Court entered an administrative order declaring that, due to dangers posed by COVID-19, effective November 17, 2020, all criminal jury trials scheduled for 2020 were continued to the week of January 5, 2021.

Following a December 7, 2020 competency hearing, the superior court determined David Maier to be legally competent. Additionally, the court scheduled a new trial date for January 5, 2021.

On December 11, 2020, David Maier filed another motion to dismiss and another notice of discretionary review with the Washington Supreme Court. On the same day, the superior court denied Maier's motion to dismiss.

On December 15, 2020, David Maier filed a writ of discretionary review and a request for an emergency hearing. On December 23, Maier filed a writ of habeas corpus,

8

while contending that he was unlawfully incarcerated. The superior court denied Maier's writ the same day.

On December 24, 2020, David Maier filed another motion to dismiss because of a speedy trial right violation, because he suffered cruel and unusual punishment resulting from a denial of adequate medical care while incarcerated, and because the government engaged in arbitrary action and misconduct. On December 30, the Chelan County Superior Court entered an administrative order instructing that all pending criminal jury trials set for the week of January 5, 2021 be continued to the week of January 26, 2021. At a December 31 hearing, in accordance with the December 30 Chelan County Superior Court order, the superior court continued David Maier's jury trial to January 26, 2021. Maier objected to the continuance.

On January 14, 2021, David Maier filed a personal restraint petition that alleged a speedy trial violation. He appended to his petition his December 24, 2020 complaint and motion to dismiss.

The prosecution of David Maier proceeded to a jury trial on January 26, 2021. The State called Deputy Brad Norton as a witness. On cross-examination, Maier asked Deputy Norton questions about the importance of law enforcement obtaining a suspect's version of the events during a criminal investigation. Maier first posed a general question about the course of an investigation. Then, the following colloquy transpired:

> A. We will respond to the scene of a complaint; interview witnesses, suspects, victims; and gather all our information; and make a determination if there was a crime.
> Q. Okay. *So you're saying that the suspect's version of these events is also included.*
> A. Sometimes, yes.
> Q. Sometimes yes?
> A. Yep.

Report of Proceedings (Jan. 27, 2021) (RP) at 337 (emphasis added).

> Q. (By Mr. Maier) So the—the driver—what—is there any part of the procedures of an investigation that should pertain to the other party? Does any investigation involve any kind of investigation from the—the—what the—the other person other than the complainant?
> A. As far as witnesses and suspects?
> Q. As far as does just—so when this person makes a call and makes a statement or claim against somebody, that—that [sic] *what procedures is the suspect entitled to if there is any in an investigation?*
> A. If we were able to detain a suspect and we were able to question them and obtain statements, we would do that.
> Q. Is that required?
> A. It's best practice.

RP (Jan. 27, 2021) at 426-27 (emphasis added).

Later, David Maier questioned Deputy Brad Norton about their conversation in the

hospital on August 15, 2020 and Norton's identification of Maier during the police

pursuit:

> Q. *Did we have any discussion while I was in the hospital?*
> A. We had several discussions.
> Q. And we discussed—Did—At that time, you said you didn't feel like you needed to. Did it—What is needed to confirm somebody's identification?
> A. Well, in this case, we had your name, birth date, and a photo ID.
> Q. And how was that obtained?

10

> A. I obtained that through my computer.
> Q. And how did you obtain that through your computer?
> A. Wenatchee PD had come up with your name as a suspect somehow.
> Q. Somehow.
> A. I looked up your name and booking photo, which was just a recent photograph, and I confirmed it was you by driving up next to you and looking at you when you turned towards me.

RP (Jan. 27, 2021) at 436-37 (emphasis added).

At the conclusion of David Maier's examination of Deputy Brad Norton, Maier questioned the deputy's knowledge that Maier had committed a felony after initiating pursuit of the Hyundai Tucson that Maier drove:

> Q. (By Mr. Maier) Okay. So now because you don't know any facts here, you haven't gotten any statements, you don't know for a fact that the occupant just committed a felony, do you? You just have the reports.
> A. I have confirmation from Wenatchee PD that it was a stolen vehicle; therefore, the occupant committed the felony Possession of a Stolen Vehicle.
> Q. And there is—there is nothing—there is nothing that—there's— there's nothing to that that would make—make that without—without the—*without the suspect's side of the information*. You can't say for a fact that that—that that occupant just committed a felony *until you have actual factual* [sic] *both sides*.
> A. I have probable cause—

RP (Jan. 27, 2021) at 442 (emphasis added).

Following David Maier's questioning of Deputy Brad Norton, the State requested permission for Deputy Brad Norton to testify to Maier's and Norton's August 15, 2020 conversation at Central Washington Hospital. The State argued that Maier opened the door to the conversation when he raised the argument about and implied in questions to

11

Deputy Norton that Norton did not address Maier's side of the story. The State

emphasized that Maier asked Norton if the two had engaged in a conversation at the

hospital. The superior court agreed with the State that Maier opened the door to the

conversation because of his questioning about the conversation and his theme that Deputy

Norton failed to obtain his side of the story when investigating the crime.

The State asked Deputy Brad Norton about the hospital conversation with David

Maier:

> Q. All right. Did you have any type of conversation with Mr.
> Maier?
> A. Yes.
> Q. Okay. And can you tell the jury what the—what the contents of
> that conversation was [sic]?
> A. Mr. Maier was apologetic for his actions, had inquired to the
> welfare of the female, Ms. [Linda] Bannon, who he was in the collision
> with. He also went on to discuss how he couldn't believe that he was being
> let out of CCRJ, the jail, because he still had an active [Department of
> Corrections] warrant and that made him extremely nervous. He was trying
> to figure out how to—how he was going to get out of town and get back to
> Bellingham, and that's when he was walking by Mega Auto Sound [sic]
> and saw the—the car with the doors open and the keys in the ignition.
> Q. Okay. And so did he admit to you that he took the vehicle?
> A. Yes.
> Q. Okay. Did he also admit to you that he remembered the details of
> the pursuit?
> A. Yes, he said he remembered the details of the pursuit.

RP (Jan. 27, 2021) at 454-55.

Before closing arguments, the State moved to dismiss the charge of attempted

robbery in the second degree. The superior court granted the State's motion.

12

During its closing argument, the State referenced the contents of David Maier's conversation with Deputy Brad Norton:

> Keep in mind, Mr. Maier's over-arching goal when committing all these crimes. *He got out of jail that day. He believed he had a warrant out for his arrest.* He wanted to stay out of the public. *But most importantly, he wanted to get back to Bellingham as soon as possible*, and he was going to do that by whatever means was [sic] necessary.

RP (Jan. 28, 2021) at 493 (emphasis added).

The jury found David Maier guilty of theft of a motor vehicle, taking a motor vehicle without permission in the second degree, and attempting to elude a police vehicle. The jury further found that, while attempting to elude a police vehicle, Maier threatened other people with physical injury or harm. The jury acquitted Maier of assault in the second degree.

At sentencing, the State of Washington asserted that David Maier's offender score was a 9+ based on prior felony convictions. The State claimed Maier's offender score to be 12 as to the charges of theft of a motor vehicle and second degree taking of a motor vehicle without permission and 10 as to the charge of attempting to elude a police vehicle. The State presented no judgment and sentence or other documentation regarding Maier's past convictions. The superior court accepted the State's calculation of Maier's offender score.

Before sentencing David Maier, the superior court questioned him about his criminal history:

13

> THE COURT: . . . So, Mr. Maier, I want to ask you a few questions. If you decide that you don't want to answer any of those questions for any reason, you're free not to. *But it looks like all your criminal history is over in Whatcom, Skagit, Island County is where all your prior history is; is that right?*
> MAIER: *Yes, Your Honor*.
> THE COURT: Okay. At least your felony history.

RP (Feb. 1, 2021) at 551 (emphasis added). The court discussed with Maier his struggles, including his mental health and his lack of contact with his five-year-old daughter due to a no-contact order. During this discussion, the court asked Maier what his longest stretch of time had been outside of jail or prison within the last ten years. Maier responded that he recently was free from incarceration for nearly one calendar year. The court did not inquire about the specifics of Maier's past felonies.

The superior court sentenced David Maier to 55 months' confinement for theft of a motor vehicle, 29 months' confinement for second degree taking of a motor vehicle without permission, and 41 months' confinement for attempting to elude a police vehicle. The court ordered that the sentences run concurrently, resulting in 55 months' total confinement.

David Maier filed a notice of appeal and a personal restraint petition. We consolidated the proceedings.

## LAW AND ANALYSIS

On appeal, David Maier challenges both his convictions and his sentence. He asks us to reverse and dismiss his convictions because of an untimely trial. In the alternative,

he asks that we remand for a new trial because of the introduction of impermissible evidence. Assuming we affirm his convictions, he asks to be resentenced because the State failed to establish his earlier convictions and because his offender score included a conviction for possession of a controlled substance.

Speedy Trial

David Maier contends that the superior court violated his right to a speedy trial when scheduling his initial trial date for November 17, 2020. In support of this contention, he forwards two alternative arguments. First, he posits that the court violated CrR 4.1 by arraigning him twenty-eight days after the State filed its information on August 19, 2020. Second, he maintains that, even if his arraignment date of September 16, 2020, started the clock under CrR 3.3, the final day for speedy trial was November 16, 2020. Maier requests reversal and dismissal of the charges against him with prejudice under CrR 3.3(h).

The State responds that the superior court did not violate CrR 3.3 when it scheduled David Maier's trial for November 17, 2020, or when it continued his trial date twice. The State argues that, when considering the excluded periods of time due to the pandemic and competency evaluations, Maier's ultimate January 26, 2021, trial date fell within the sixty-day limitation under CrR 3.3. The State does not respond to Maier's argument of an untimely arraignment.

*Issue 1: Whether the State violated David Maier's right to a timely arraignment?*

15

*Answer 1: We need not answer this question because, even assuming we grant Maier a remedy for any violation, we do not reverse his convictions.*

David Maier does not assign error to any untimeliness of his arraignment, but he argues the untimeliness contributed to the violation of his speedy trial right. We decline to address this contention, because, even if we assume Maier is correct, the State did not violate his rule-based right to a speedy trial.

CrR 4.1 governs time for arraignment. David Maier remained in jail pending trial. CrR 4.1(a) reads:

> (1) . . . *The defendant shall be arraigned not later than 14 days after the date the information or indictment is filed* in the adult division of the superior court, if the defendant is (i) detained in the jail of the county where the charges are pending or (ii) subject to conditions of release imposed in connection with the same charges.

(Emphasis added.) The State filed its information on August 19. Maier objected during his September 16 arraignment, twenty-eight days later.

On August 20, 2020, David Maier requested a competency evaluation for himself. The court granted Maier's request on August 26. On September 16, the day of the arraignment, the court found Maier competent to stand trial. If we exclude the time between the order for a competency evaluation and the finding of competency, the State timely arraigned Maier. Maier asserts, however, that the law does not exclude time during competency proceedings for purposes of arraignment under CrR 4.1(a).

CrR 3.3(e)(8) excludes the time spent during a competency evaluation from calculation of speedy trial. None of the pandemic orders from the Washington Supreme Court or the Chelan County Superior Court delayed times for arraignment. CrR 4.1 does not mention whether to omit such time. Nor does any Washington case address the subject. The State provides no law contrary to David Maier's contention.

Case law stands for the general proposition that an order for evaluation under RCW 10.77.060(1)(a) automatically stays the criminal proceedings until the court determines that the defendant is competent to stand trial. *State v. Harris*, 122 Wn. App. 498, 505, 94 P.3d 379 (2004). Reason suggests that one should not arraign an accused while pending a competency evaluation, since the court will wish to determine whether the accused can intelligently enter a plea. Logic would then require disregarding this window of time.

CrR 4.1(b) declares in part:

> Objection to Arraignment Date—Loss of Right to Object. . . . If the court rules that the objection is correct, it shall establish and announce the proper date of arraignment. That date shall constitute the arraignment date for purposes of CrR 3.3.

(Boldface omitted.) Thus, the remedy for untimely arraignment is not dismissal but, rather, for the court to set a constructive arraignment date that shall constitute the arraignment date for the purposes of the speedy trial rules. *State v. Smith*, 154 Wn. App. 695, 702, 226 P.3d 195 (2010). The constructive arraignment date is the fourteenth day

17

after the State files the information, which is the last date the defendant could have properly been arraigned under CrR 4.1(a)(1). *State v. Smith*, 154 Wn. App. 695, 702 (2010).

The State filed the initial information on August 19, 2020. Fourteen days thereafter was September 2. The constructive arraignment date triggers the CrR 3.3 time for trial period. *State v. Smith*, 154 Wn. App. at 702. Thus, for argument's sake, we analyze David Maier's speedy trial right as if arraignment occurred on September 2.

*Issue 2: Whether the State violated, under court rule, David Maier's right to a speedy trial?*

*Answer 2: No.*

An accused enjoys the right to a speedy trial under the United States Constitution, the Washington Constitution, and Washington court rule. In forwarding his challenge to his conviction, David Maier only relies on the court rule.

The byzantine CrR 3.3 governs time for trial. The rule expresses in part:

> (b) Time for Trial. (1) *Defendant Detained in Jail*. A defendant who is detained in jail shall be brought to trial within the longer of (i) 60 days after the commencement date specified in this rule, or (ii) the time specified under subsection (b)(5).
> . . . .
> (5) *Allowable Time After Excluded Period*. If any period of time is excluded pursuant to section (e), the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period.
> (c) Commencement Date.
> (1) *Initial Commencement Date*. The initial commencement date shall be the date of arraignment as determined under CrR 4.1.

(Boldface omitted.) We already established the constructive date of arraignment to be September 2, 2020. The prosecution commenced trial on January 26, 2021, 146 days later. Nevertheless, Maier bases his argument on a trial date of November 17, 2020, the date originally scheduled at the time of arraignment, 76 days later. He does not *complain* of later continuances resulting from the pandemic.

Importantly, David Maier does not challenge the omission, from the calculation of time for purposes of speedy trial, of those days ordered by the Washington Supreme Court to be excluded because of the COVID pandemic. Thus, resolving Maier's challenge requires more a mathematical analysis, not a legal analysis. Contrary to Maier's picturesque contention, we need not unravel a nest of rattlesnakes in the dark to perform the math.

The superior court ordered David Maier to undergo a competency evaluation on August 26, 2020 and found him competent on September 16, 2020. CrR 3.3(e) catalogues the periods of time excluded when calculating the time for trial. These periods include:

> (1) *Competency Proceedings*. All proceedings relating to the competency of a defendant to stand trial on the pending charge, beginning on the date when the competency examination is ordered and terminating when the court enters a written order finding the defendant to be competent.

Thus, we exclude the time between Maier's constructive arraignment date of September 2, 2020 and September 16, 2020.

We would exclude this time anyway because at the time of arraignment

Washington courts operated under Supreme Court Order No. 25700-B-642. The order

excluded the time between May 29, 2020 and the next scheduled court date after October

15, 2020. David Maier's next hearing date was October 28 for an omnibus hearing. CrR

3.3(e).

> (8) *Unavoidable or Unforeseen Circumstances*. Unavoidable or
> unforeseen circumstances affecting the time for trial beyond the control of
> the court or the parties.

Thus, we exclude the days between September 2 and October 28. We do not

begin the count until October 28, which leaves only 20 days until the November 17 trial

date. This window of time fits within the 60-days requirement of CrR 3.3. The amount

of time is 59 days when considering that the superior court ordered another competency

evaluation on November 16.

David Maier complains that the Supreme Court order did not address

arraignments. We do not know any reason for the order to mention arraignments, and

Maier presents no reason.

David Maier argues that the Chelan County Superior Court clashed with the

Washington Supreme Court's pandemic order when issuing an August 21, 2020 order

recommencing jury trials on September 15, 2020, despite the fact that our high court

excluded time for trial beginning May 29, 2020. He interprets the superior court's order

as conflicting with the Supreme Court's pandemic order. As such, he maintains that no

20

days between his September 16, 2020 arraignment and his initial trial date of November 17, 2020 are excluded. We disagree.

The Washington Supreme Court's pandemic order excluded time for trial, but it did not prohibit superior courts from reinstituting jury trials if conditions were safe. Accordingly, the Chelan County Superior Court did not fail to abide by the Supreme Court's order by restarting jury trials on September 15, 2020. Moreover, Maier fails to cite authority holding that a superior court may overrule an order from the Supreme Court by neglecting to follow the order. He also cites no law holding that, if a superior court violates a Supreme Court order, its breach would nullify the high court's order.

David Maier also challenges the validity of the Chelan County Superior Court's November 30, 2020 nunc pro tunc order, which order retroactively continued trials from November 17, 2020 to January 5, 2021. Nevertheless, Maier never objected to the superior court's order below. Thus, we reject his challenge under RAP 2.5(a), which rule provides, in relevant part:

> The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

Even if we agreed with David Maier that the superior court lacked authority to enter an order retroactively continuing trials and held that the period between November 17 and 30, 2020 should not have been excluded based on this order, the result would

21

remain the same.  The period from November 16, 2020 through December 7, 2020 was
excluded due to Maier's second competency evaluation.  CrR 3.3(e)(1).  Thus, the
superior court's November 30, 2020 nunc pro tunc order was inconsequential to the
calculation of time for trial.

Opening the Door

*Issue 3: Whether the superior court erred when allowing the State to question
Deputy Brad Norton about statements David Maier made following Maier's arrest on the
basis that Maier opened the door to this otherwise inadmissible evidence?*

*Answer 3: No.*

David Maier next asserts that the superior court incorrectly allowed the State to
present testimony about his conversation with Deputy Brad Norton because he had yet to
be *Mirandized*.  The State responds that the superior court did not abuse its discretion
because Maier opened the door to the conversation through his questions to Deputy
Norton and overarching argument that Norton failed to perform a thorough investigation
of the alleged crime.  We agree with the State.

We review a trial court's ruling on admissibility of evidence for abuse of
discretion.  *State v. Woods*, 117 Wn. App. 278, 280, 70 P.3d 976 (2003).  A trial court
abuses its discretion when its "decision is manifestly unreasonable, or is exercised on
untenable grounds, or for untenable reasons."  *State v. Blackwell*, 120 Wn.2d 822, 830,
845 P.2d 1017 (1993).

22

A party may open the door to otherwise inadmissible evidence by introducing evidence that must be rebutted in order to preserve fairness and determine the truth. *State v. Wafford*, 199 Wn. App. 32, 36-37, 397 P.3d 926 (2017). The trial court may admit evidence under the open the door doctrine "so long as the party who otherwise stands to benefit from exclusion has increased the subject's relevance through actions at trial." *State v. Rushworth*, 12 Wn. App. 2d 466, 475, 458 P.3d 1192 (2020). When a party opens a *subject* of inquiry on direct or cross-examination, the party contemplates that the rules will permit cross-examination or redirect examination within the scope of the examination in which the *subject* matter was first introduced. *State v. Gefeller*, 76 Wn.2d 449, 455, 458 P.2d 17 (1969). The doctrine applies even to the extent that an accused waives the benefit of a constitutional protection by broaching a topic ordinarily off limits. *State v. Lang*, 12 Wn. App. 2d 481, 487, 458 P.3d 791 (2020). The rule, on which we rely, declares that, when one party has introduced part of a conversation, the opposing party may introduce the remainder thereof in order to explain, modify, or rebut the evidence previously introduced, to the extent that it relates to the same subject matter and is relevant to the issue involved. *State v. West*, 70 Wn.2d 751, 754, 424 P.2d 1014 (1967); *State v. Edwards*, 23 Wn. App. 893, 896, 600 P.2d 566 (1979).

During David Maier's cross-examination of Deputy Brad Norton, Maier asked Norton whether the two conversed while Maier convalesced in the hospital. Maier also

asked in part as to the content of the conversation and how Norton had identified him while he drove the Hyundai. Then Maier asked Deputy Norton about Norton's procedures during a criminal investigation and whether Norton obtained the suspect's version of the events. He wanted the jury to think that Norton failed to investigate properly. Maier eventually asserted that the deputy "can't say for a fact that . . . that occupant just committed a felony until you have actual factual [sic] both sides." RP (Jan. 27, 2021) at 442.

The superior court correctly agreed with the State that David Maier had opened the door to the August 15, 2020 hospital conversation when Maier questioned Deputy Brad Norton about part of the hospital conversation and further questioned the deputy by suggesting that the officer inadequately investigated the alleged crime by failing to receive Maier's side of the story.

Offender Score

*Issue 4: Whether the State failed to prove David Maier's criminal history by a preponderance of the evidence?*

*Answer 4: Yes.*

David Maier maintains that the State failed to prove his criminal history by a preponderance of the evidence. He emphasizes that the State failed to introduce supporting documentation of alleged prior convictions. Maier requests that, assuming we affirm his convictions, we remand for resentencing. The State responds that it

sufficiently established David Maier's offender score, because he affirmatively acknowledged his criminal history during sentencing.

In determining an accused's offender score, the court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. RCW 9.94A.530(2); *State v. Hunley*, 175 Wn.2d 901, 909, 287 P.3d 584 (2012). The State bears the burden to prove prior convictions by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909 (2012). The Washington Supreme Court wrote:

> Bare assertions, unsupported by evidence, do not satisfy the State's burden to prove the existence of a prior conviction. While the preponderance of the evidence standard is 'not overly difficult to meet,' the State must at least introduce 'evidence of some kind to support the alleged criminal history.' Further, unless convicted pursuant to a plea agreement, the defendant has '*no obligation* to present the court with evidence of his criminal history.'

*State v. Hunley*, 175 Wn.2d at 910 (internal citations omitted). While a certified copy of the judgment serves as the best evidence of a prior conviction, the State may introduce comparable documents of record or transcripts from past proceedings to prove a defendant's criminal history. *State v. Hunley*, 175 Wn.2d at 910.

We disagree with the State that David Maier acknowledged his criminal history. During sentencing, the superior court asked Maier only two questions related to his criminal history. Neither question concerned the specifics of his prior crimes. The court's discussion with Maier only established that he had been imprisoned for

25

approximately nine out of the last ten years and that he committed crimes in Whatcom, Skagit, and Island County. While Maier acknowledged that he spent time incarcerated, he did not affirmatively acknowledge the details surrounding his convictions, the number of earlier convictions, or the nature of his crimes.

Because the State failed to carry its burden of establishing David Maier's criminal history by a preponderance of the evidence, we remand for resentencing, so the State may have another opportunity to demonstrate Maier's criminal history pursuant to RCW 9.94A.530(2). On remand for resentencing, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented. RCW 9.94A.530(2), *preempted on other grounds by State v. Hunley*, 175 Wn.2d 901 (2012); *State v. Jones*, 182 Wn.2d 1, 10, 338 P.3d 278 (2014).

Drug Possession Conviction

*Issue 5: On remand, must the resentencing court exclude from the offender score any conviction for possession of a controlled substance?*

*Answer 5: Yes.*

David Maier admits that he has an earlier conviction for possession of a controlled substance. In *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), our high court held that Washington's strict liability drug possession statute, former RCW

26

69.50.4013(1), violates due process under both the state and federal constitutions. The court found the statute unconstitutional.

The State concedes that, in accordance with *State v. Blake*, David Maier's prior conviction for drug possession should be omitted from his offender score. On remand, the resentencing court should omit the conviction from the score.

STATEMENT OF ADDITIONAL GROUNDS

Mr. Maier requested we appoint counsel to represent him on the statement of additional grounds, but we denied the motion.

David Maier assigns three errors in a statement of additional grounds. We reject all three.

First, David Maier argues that, although Chelan County reinstituted jury trials on September 15, 2020, he was not granted equal protection of this order. He asserts that the Chelan County Superior Court order reinstituting jury trials modified the Washington Supreme Court's pandemic order. Maier contends that he should have been granted a jury trial much earlier than January 26, 2021, because the county began scheduling them in mid-September. We disagree. The superior court did not modify the Supreme Court's order. Because the State did not violate Maier's time for trial rights, he was not prejudiced by not receiving a jury trial earlier than he did.

Second, David Maier again forwards the argument that the superior court violated CrR 3.3 by failing to promptly bring him to trial. This court need not address this argument, because Maier raised this argument on direct appeal.

Finally, David Maier contends that the State failed to provide him adequate medical care during his incarceration. He maintains that, while the State knew he suffered a facial fracture from the car accident, no medical professional examined him. As a result, he claims to have been in pain throughout most of the trial court proceedings.

The record does not indicate that authorities denied David Maier adequate and competent health care. To the contrary, in response to each of his requests, he mostly received what he sought. The only relief he did not obtain consisted of an evening snack and a prescription for Oxycodone, a controlled substance with a high risk for addiction. Oxycodone was likely unnecessary.

David Maier does not specifically identify what adequate medical care he should have received. He also fails to cite any law that inadequate medical care results in reversal of a conviction. He never suggested during the trial that he could not proceed because of any pain.

Personal Restraint Petition

In a personal restraint petition, David Maier forwards the now familiar argument that the superior court violated his right to a speedy trial by scheduling his trial date more

28

than sixty days from his arraignment, in violation of CrR 3.3.  We previously addressed and rejected the argument.

CONCLUSION

We affirm David Maier's convictions.  We remand for resentencing with instructions for the superior court to vacate Maier's prior conviction for possession of a controlled substance.  On remand, the State may present additional evidence to establish Maier's criminal history.  We dismiss Maier's personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.